IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                        )
          v.         )    Criminal No. $05$-$66$
                        )    (18 U.S.C. §§ 844(i) and 1341)
TERRY LUTHER LONG     )    [UNDER SEAL]

### INDICTMENT

The grand jury charges:

### Introduction

At all times relevant to this Indictment:

1.    Defendant TERRY LUTHER LONG owned and operated numerous business entities, including Terry Long Enterprises; Terry Long Enterprises, Inc.; T.L. Enterprises, Inc.; T & L Food Services; T.L.'s, Inc.; CHIPS, Inc.; and Value Added Foods.

2.    The Pennsylvania Department of Community and Economic Development (hereinafter "PADCED") was an agency of the Commonwealth of Pennsylvania.

3.    The Pennsylvania Industrial Development Authority (hereinafter "PIDA") was an agency of the Commonwealth of Pennsylvania.

4.    The Machine and Equipment Loan Fund (hereinafter "MELF") was administered by PADCED.

5.    Amoore Health Systems, Inc. (hereinafter "AHS") was based in King of Prussia, Pennsylvania, and provided services which included, but were not limited to, human resources management and job skill training.

6.    The   Pennsylvania   Office   of   Vocational Rehabilitation   (hereinafter   "OVR")   was   a   division   of   the Pennsylvania Department of Labor and Industry.

7.    The Penn National Insurance Company insured defendant TERRY LUTHER LONG, doing business as Value Added Foods, through a commercial insurance policy identified as policy number FA90600969.

2

COUNT ONE

The grand jury charges:

1.    Paragraphs 1 through 3 above are incorporated herein.

2.    From in or around July of 2001, and continuing thereafter through the date of this Indictment, in the Western District of Pennsylvania and elsewhere, the defendant, TERRY LUTHER LONG, devised and intended to devise a scheme and artifice to defraud and obtain a loan for approximately $674,319.00 from PADCED by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made.

3.    It was part of the scheme and artifice to defraud that:

(a)    In or around July of 2001, defendant TERRY LUTHER LONG, individually and doing business as T.L.'s, Inc., submitted an application to PADCED through PIDA for a loan to pay for the costs of acquisition, construction, and renovation of the building located at 1112 Galveston Avenue in Pittsburgh, Pennsylvania.

(b)    Along with the aforesaid loan application, defendant TERRY LUTHER LONG also submitted to PADCED through PIDA documents which represented that costs had been incurred by him and by T.L.'s, Inc. for the acquisition, construction, and renovation of the aforesaid building, when in truth and fact, and as defendant

3

TERRY LUTHER LONG well knew, such representations were false and fraudulent when made.

(c) As a result of defendant TERRY LUTHER LONG's submission of the aforesaid loan application documents to PADCED through PIDA, including the false and fraudulent statements contained therein, defendant TERRY LUTHER LONG received a loan from PADCED through PIDA for approximately $674,319.00 on or about May 15, 2003.

### The Mailing

4.  On or about April 7, 2003, in the Western District of Pennsylvania, for the purpose of executing the aforesaid scheme and artifice to defraud PADCED, and in attempting to do so, defendant TERRY LUTHER LONG did cause to be placed in a post office and in an authorized depository for mail matter, an Affidavit of Costs, to be sent and delivered by the United States Postal Service to the Director, Loans Division, Pennsylvania Industrial Development Authority, Commonwealth Keystone Building, 400 North Street, 4th Floor, Harrisburg, Pennsylvania 17120.

In violation of Title 18, United States Code, Section 1341.

4

## COUNT TWO

The grand jury further charges:

1.      Paragraphs 1, 2, and 4 in the Introduction Section of this Indictment are incorporated herein.

2.      From in or around July of 2001, and continuing thereafter through the date of this Indictment, in the Western District of Pennsylvania and elsewhere, the defendant, TERRY LUTHER LONG, devised and intended to devise a scheme and artifice to defraud and obtain a loan for approximately $500,000.00 from PADCED by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made.

3.      It was part of the scheme and artifice to defraud that:

(a)    In or around July of 2001, defendant TERRY LUTHER LONG, individually and d/b/a T.L.'s, Inc., submitted an application to PADCED for a MELF loan.

(b)    In or around May of 2002, defendant TERRY LUTHER LONG, individually and d/b/a T.L.'s, Inc., submitted documents to PADCED wherein he represented that he had spent approximately $1.69 million for machinery and equipment from a company in Idaho known as Fresh Cut, when in truth and fact, and as defendant TERRY LUTHER LONG well knew, such representation was false and fraudulent when made.

(c)    As a result of defendant TERRY LUTHER LONG's false representations relating to his purchase of machinery

5

and equipment from Fresh Cut, defendant TERRY LUTHER LONG, individually and d/b/a T.L.'s, Inc., received a MELF loan from PADCED for approximately $500,000.00 on or about May 15, 2003.

## The Mailing

4.    On or about May 15, 2003, in the Western District of Pennsylvania, for the purpose of executing the aforesaid scheme and artifice to defraud PADCED, and in attempting to do so, defendant TERRY LUTHER LONG did cause a MELF loan check in the amount of approximately $500,000.00 to be taken and received by an attorney representing PADCED at 416 North Maple Avenue, Greensburg, Pennsylvania from a commercial interstate carrier, in preparation for disbursement of that check to defendant TERRY LUTHER LONG.

In violation of Title 18, United States Code, Section 1341.

6

## COUNTS THREE AND FOUR

The grand jury further charges:

1.    Paragraphs 1, 5, and 6 in the Introduction Section of this Indictment are incorporated herein.

2.    From in or around October of 2002, and continuing thereafter through the date of this Indictment, in the Western District of Pennsylvania and elsewhere, the defendant, TERRY LUTHER LONG, devised and intended to devise a scheme to defraud and obtain approximately $75,000.00 from AHS and OVR by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made.

### The Scheme to Defraud

3.    It was part of the scheme and artifice to defraud that:

(a)    In or around October of 2002, defendant TERRY LUTHER LONG, individually and doing business as T & L Food Service and Value Added Foods, submitted an application to AHS and OVR for a grant for $75,000.00 to purchase equipment.

(b)    In or around October of 2002, in connection with the aforesaid grant application submitted to AHS and OVR, defendant TERRY LUTHER LONG submitted approximately three documents to AHS and OVR representing that defendant TERRY LUTHER LONG had secured bids for the purchase of equipment for the processing of turkey food products, when in truth and fact, and as

7

defendant TERRY LUTHER LONG well knew, such representations were false and fraudulent when made.

(c)  In connection with the aforesaid grant application submitted to AHS and OVR, defendant TERRY LUTHER LONG represented that, upon receipt of the grant money from AHS and OVR, he was going to use the grant money for the purchase of equipment from Lewis Food Systems, Inc., when in truth and fact, and as defendant TERRY LUTHER LONG well knew, such representation was false and fraudulent when made.

(d)  As a result of defendant TERRY LUTHER LONG's  false and fraudulent representations to AHS and OVR, defendant TERRY LUTHER LONG received a grant from AHS and OVR in the amount of $75,000.00 on or about January 2, 2003.

### The Mailings

### Count Three

4.  On or about October 8, 2002, in the Western District of Pennsylvania, for the purpose of executing the aforesaid scheme and artifice to defraud AHS and OVR, and in attempting to do so, defendant TERRY LUTHER LONG did cause to be placed in a post office and in an authorized depository for mail matter, an application for a grant from AHS and OVR to be sent and delivered by the United States Postal Service to AHS in King of Prussia, Pennsylvania.

In violation of Title 18, United States Code, Section 1341.

8

## Count Four

5. On or about January 3, 2003, in the Western District of Pennsylvania, for the purpose of executing the aforesaid scheme and artifice to defraud AHS and OVR, and in attempting to do so, defendant TERRY LUTHER LONG did cause a check in the amount of $75,000.00 to be taken and received by AHS in Pittsburgh, Pennsylvania, from a commercial interstate carrier in preparation for the disbursement of the aforesaid grant money to defendant TERRY LUTHER LONG.

In violation of Title 18, United States Code, Section 1341.

9

## COUNTS FIVE THROUGH SEVEN

The grand jury further charges:

1.    Paragraphs 1 and 7 in the Introduction Section of this Indictment are incorporated herein by reference.

2.    From on or about September 25, 2003, and continuing thereafter through on or about the date of this Indictment, in the Western District of Pennsylvania, the defendant, TERRY LUTHER LONG, devised and intended to devise a scheme to defraud and obtain approximately $1,185,362.00 from the Penn National Insurance Company by means of false and fraudulent pretenses, representations and promises, well knowing that the pretenses, representations and promises were false and fraudulent when made.

## The Scheme to Defraud

3.    It was part of the scheme to defraud that:

(a)    On or about September 25, 2003, defendant TERRY LUTHER LONG caused a fire to occur at the building which housed his business, known as Value Added Foods, at 1112 Galveston Avenue, Pittsburgh, Pennsylvania.

(b)    On or about September 25, 2003, defendant TERRY LUTHER LONG contacted the Penn National Insurance Company to initiate a claim on policy number FA90600969, which policy insured defendant TERRY LUTHER LONG's business at 1112 Galveston Avenue, Pittsburgh, Pennsylvania.

10

(c)   On or about October 22, 2003, defendant TERRY LUTHER LONG represented in an Examination Under Oath, to an attorney for the Penn National Insurance Company, that prior to the fire on September 25, 2003, he had never discussed having an intentional fire at the building located at 1112 Galveston Avenue, when in truth and fact, and as defendant TERRY LUTHER LONG well knew, such representation was false and fraudulent when made.

(d)   On or about October 22, 2003, defendant TERRY LUTHER LONG represented in an Examination Under Oath, to an attorney for the Penn National Insurance Company, that he did not know who was responsible for setting the aforesaid fire on September 25, 2003, when in truth and fact, and as defendant TERRY LUTHER LONG well knew, such representation was false and fraudulent when made.

(e)   On or about the following dates, the Penn National Insurance Company issued the following checks as a result of defendant TERRY LUTHER LONG's aforesaid insurance claim and false and fraudulent misrepresentations in relation to that claim:

| Date | Amount |
|------|--------|
| November 7, 2003 | $150,000.00 |
| November 25, 2003 | $46,503.00 |
| January 7, 2004 | $875.82 |
| April 16, 2004 | $4,063.44 |
| April 26, 2004 | $75,000.00 |
| May 28, 2004 | $100,000.00 |

11

| July 22, 2004 | $85,000.00 |
| January 21, 2005 | $390,125.43 |
| January 21, 2005 | $333,795.16 |

### The Mailings

      4.   On or about the dates set forth below, in the Western District of Pennsylvania, defendant TERRY LUTHER LONG, for the purpose of executing the aforesaid scheme and artifice to defraud, and in attempting to do so, did cause an attorney for the Penn National Insurance Company, in preparation for disbursement of insurance proceeds to defendant TERRY LUTHER LONG, to take and receive, through and from the United States mail, the mail materials described below, each such receipt being a separate count of this Indictment:

| Count | Date | Mail Materials | Address of Recipient |
|-------|------|----------------|----------------------|
| Five | November 7, 2003 | Check for $150,000.00 | 312 Boulevard of the Allies, Pittsburgh, PA  15222 |
| Six | November 25, 2003 | Check for $46,503.00 | 312 Boulevard of the Allies, Pittsburgh, PA  15222 |
| Seven | January 21, 2005 | Checks for $390,152.43 and $333,795.16 | 312 Boulevard of the Allies, Pittsburgh, PA  15222 |

      In violation of Title 18, United States Code, Section 1341.

12

## COUNT EIGHT

The grand jury further charges:

On or about September 25, 2003, in the Western District of Pennsylvania, the defendant, TERRY LUTHER LONG, did maliciously damage, by means of fire, the building located at 1112 Galveston Avenue in Pittsburgh, Pennsylvania, which building was used in interstate commerce and in activity affecting interstate commerce.

In violation of Title 18, United States Code, Section 844(i).

A True Bill,

_____

FOREPERSON

MARY BETH BUCHANAN
United States Attorney
PA ID No. 50254

13

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
            v.                    )       Criminal No. 05- 66
                                  )       [UNDER SEAL]
TERRY LUTHER LONG                 )

### ARRAIGNMENT PLEA

Defendant TERRY LUTHER LONG

being arraigned, pleads _Not Guilty_

in open Court this _23RD_ day of

_____ _May_ ___, 20 _05_.


_____
(Defendant's Signature)

_____
(Attorney for Defendant)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )     Criminal No. 05-66
                                  )     [UNDER SEAL]
TERRY LUTHER LONG                 )

## CERTIFICATION AND NOTICE FOR FILING PRETRIAL MOTIONS

I hereby certify that I have been notified by the United States Magistrate Judge that all pretrial motions must be filed within ten (10) days of Arraignment unless the Court extends the time upon written application made within said ten (10) day period.

5-23-05
Date

Attorney for Defendant
TERRY LUTHER LONG

## CRIMINAL CASE INFORMATION SHEET

#3
1530

Pittsburgh __X__      Erie _____      Johnstown _____

Related to No. _____ Judge _____
(All criminal prosecutions arising out of the same criminal
transaction or series of transactions are deemed related).   05-66

CATEGORY: 1. _____ Antitrust & Securities Fraud
          2. _____ Tax
          3. __X__ General Criminal

Defendant's name:             Terry Luther Long _____

Is Indictment waived:         _____ yes    __X__ no

Pretrial Diversion:           _____ yes    __X__ no

Juvenile proceeding:          _____ yes    __X__ no

Defendant is:                 __X__ Male    _____ Female

Superseding Indictment or
Information:                  _____ yes    __X__ no

      Previous case number:   _____

If superseding, previous case was/will be:

      _____ Dismissed on defendant's motion
      _____ Dismissed on government's motion
      _____ After appellate action
      _____ Other (explain)

County in which first
offense cited occurred:       Allegheny _____

Previous proceedings before
Magistrate Judge:             _____

      Case No.:               _____

      PLEASE INCORPORATE MAGISTRATE CASE WITH CRIMINAL CASE

Date arrested or date
continuous U.S. custody began: _____

Defendant:                    _____ is in custody  __X__ is not in
                                                          custody

Name of Institution:          _____

Custody is on:                _____ this charge  _____ another charge

                              _____ another conviction

                              _____ State  _____ Federal

Detainer filed:               _____ yes    __X__ no

Date detainer filed: _____

Total defendants:            __1__

Total counts:                __8__

Data below applies to
defendant No.:               __1__

Defendant's name:    Terry Luther Long_____


### SUMMARY OF COUNTS

| COUNT NO. | U.S. CODE | OFFENSE | FELONY | MISDEMEANOR |
|-----------|-----------|---------|--------|-------------|
| One - Seven | 18 U.S.C. § 1341 | Mail Fraud | X | |
| Eight | 18 U.S.C. § 844(i) | Malicious Destruction of Property by Fire | X | |

I certify that to the best of my knowledge the above entries are true and correct.

DATE: ____MAR 2 3 2005____

*Shaun Sweeney*

SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568