IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      )
                              )
            v.                )      Criminal No.  05-66
                              )      [UNDER SEAL]
TERRY LUTHER LONG             )

INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

I.   THE INDICTMENT

A Federal Grand Jury returned an eight count Indictment against the above-named defendant, TERRY LUTHER LONG, for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|-------|--------------|---------------|
| One | Mail Fraud on or about April 7, 2003 | 18 U.S.C. § 1341 |
| Two | Mail Fraud on or about May 15, 2003 | 18 U.S.C. § 1341 |
| Three | Mail Fraud on or about October 8, 2002 | 18 U.S.C. § 1341 |
| Four | Mail Fraud on or about January 3, 2003 | 18 U.S.C. § 1341 |
| Five | Mail Fraud on or about November 7, 2003 | 18 U.S.C. § 1341 |
| Six | Mail Fraud on or about November 25, 2003 | 18 U.S.C. § 1341 |
| Seven | Mail Fraud on or about January 21, 2005 | 18 U.S.C. § 1341 |
| Eight | Malicious Destruction of Property by Fire on or about September 25, 2003 | 18 U.S.C. § 844(i) |

## II.  ELEMENTS OF THE OFFENSES

### A.  As to Counts One through Seven
### (Mail Fraud,U.S.C. § 1341):

In order for the crime of mail fraud, in violation of Title 18, United States Code, Section 1341, to be established the government must prove the following elements beyond a reasonable doubt:

1.  That there was a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises.

18 U.S.C. § 1341; United States v. Zauber, 857 F.2d 137 (3d Cir. 1978); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1989); Federal Jury Practice and Instructions, Devitt, Blackmar & O'Malley, Vol. 2, § 40.03.

2.  That the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

United States v. Starr, 816 F.2d 94, 98 (2d Cir. 1987); United States v. Stull, 743 F.2d 439, 441 (6th Cir. 1984), cert. denied, 105 S.Ct. 1778 (1985); 2 L. Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, ¶44.01 (1989); Federal Jury Practice and Instructions, Devitt, Blackmar & O'Malley, Vol. 2, § 40.03.

3.  That the use of the mails, or the use of a private or commercial interstate carrier, occurred in the execution or in furtherance of the scheme.

18 U.S.C. § 1341; <u>United States v. Maze</u>, 414 U.S. 395 (1974); <u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar & O'Malley, Vol. 2, § 40.03.

**B.   <u>As to Count Eight (Malicious Destruction of Property by Fire, 18 U.S.C. § 844(i)):</u>**

In order for the crime of Malicious Destruction of Property by Fire, in violation of Title 18, United States Code, Section 844(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.   That the defendant set a fire, or caused a fire to be set, in order to damage or destroy property.

<u>United States v. Barton</u>, 647 F.2d 224 (2d Cir.); <u>cert. denied</u>, 454 U.S. 57 (1981); <u>United States v. Hayward</u>, 6 F.2d 1241 (7th Cir. 1993).

2.   That the defendant acted maliciously.

<u>United States v. Poulos,</u> 667 F.2c 939 (10th Cir. 1982). See also 1 L.Sand, J. Siffert, W. Loughlin, S. Reiss, <u>Modern Federal Jury Instructions</u>, Instruction 30-2.

3.   That the property was used in interstate commerce or in an activity affecting interstate commerce.

<u>United States v. Gaydos</u>, 108 F.3d 105 (3d Cir. 1997).

### III.  PENALTIES

A.  **As to Counts One through Seven (Mail Fraud, U.S.C. § 1341):**

1. **Individuals** - The maximum penalties for individuals are:

(a)  imprisonment for not more than five (5) years (18 U.S.C. § 1341); for offenses committed after July 29, 2002, imprisonment of not more than twenty (20) years (§ 1341, as amended by Public Law 107-204, July 30, 2002);

(b)  a fine not more than the greater of;

(1)  $250,000.00;

**or**

(2)  an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process. 18 U.S.C. § 3571(d);

(c)  a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d)  any or all of the above.

B.  **As to Count Eight (Malicious Destruction of Property by Fire, 18 U.S.C. § 844(i)):**

1.  Imprisonment of not less than five (5) years imprisonment, but not more than twenty (20) years, 18 U.S.C. §844(i).

2.  A fine of not more than the greater of either:

(a) $250,000, 18 U.S.C.  §3571 (b)(3); or

(b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless

4

the imposition of this alternative fine would unduly complicate or prolong the sentencing process, 18 U.S.C. §3571(d);

   3. A term of supervised release of three (3) years, 18 U.S.C. §3583;

   4. Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

   A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

   Restitution may be required in this case as to Counts One - Seven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.


       Respectfully submitted,

       MARY BETH BUCHANAN
       United States Attorney


       SHAUN E. SWEENEY
       Assistant U.S. Attorney
       PA ID No. 53568